IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RODERICK CHEW,

    Petitioner,

v.

WARDEN,

    Respondent.

Civil Action No. TDC-18-1124

## MEMORANDUM ORDER

Petitioner Roderick Chew filed this self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at the Montgomery County Correctional Facility. Although Chew failed to notify the Court of his change of address as required by Local Rule 102.1(b)(iii), it was determined that Chew is currently incarcerated at the District of Columbia Department of Corrections Central Detention Facility. *See* https://www.vinelink.com (last visited August 13, 2021). For the reasons set forth below, the Petition will be DISMISSED.

## BACKGROUND

On August 12, 2009, the District of Columbia Superior Court sentenced Chew to a 42-month term of imprisonment on a robbery conviction, to be followed by three years of supervised release. On September 8, 2010, while Chew was serving this District of Columbia ("D.C.") sentence, the Circuit Court of Montgomery County, Maryland sentenced Chew on an armed robbery conviction to a term of imprisonment of 20 years with all but 42 months suspended to run concurrently with any sentence he was then serving, to be followed by a five-year period of probation.

Chew completed both his D.C. and Montgomery County terms of incarceration, and on June 28, 2012, he began serving both his D.C. supervised release and Montgomery County probation. Chew's D.C. supervised release was under the authority of the United States Parole Commission ("USPC"). *See* D.C. Code § 24-133(c)(2) (2017). On May 21, 2013, the USPC issued a warrant charging Chew with a violation of his D.C. supervised release. On June 18, 2013, Chew was arrested in Prince George's County, Maryland. On October 25, 2013, after a conviction for burglary, Chew was sentenced by the Circuit Court of Prince George's County to a term of imprisonment of 20 years with all but five years suspended. Based on the D.C. warrant, USPC lodged a detainer to require Chew's return to D.C. supervision after his release from Maryland custody.

On July 2, 2013, while the Prince George's County charges were pending, the Circuit Court for Montgomery County issued a warrant against Chew for a probation violation. On November 17, 2014, Chew was sentenced on the probation violation to a term of imprisonment of 3 to 18 months to run consecutively to any other sentence he was serving.

On April 16, 2018, this Court received the present Petition, which was filed while Chew was serving the sentence on the Montgomery County probation violation. Chew seeks to have the sentence on the Montgomery County probation violation run concurrently with the anticipated sentence for the revocation of his D.C. supervised release. Chew further requests that the Court transfer him to federal custody so that his sentences can run concurrently, or to compel a D.C. supervised release revocation hearing to be held at the Montgomery County Correctional Facility while he is serving the Montgomery County probation revocation sentence.

## DISCUSSION

Respondent seeks dismissal of the Petition on the grounds that Chew did not exhaust available administrative remedies with the USPC relating to his requests for concurrent sentences or a prompt D.C. revocation hearing. Respondent states that Chew has neither made a request to the USPC for review of the D.C. warrant and detainer, or for a revocation hearing. Respondent also asserts that the Petition fails on the merits because at the time that the initial Montgomery County sentence was issued, Chew was not serving a sentence for his supervised release revocation, so there is no basis to require concurrent sentences. Finally, Respondent asserts that because the USPC warrant has not been executed, Chew is not yet entitled to a revocation hearing. Chew was notified of his right to file a Reply to Respondent's Answer, but he did not do so.

At this point, where Chew has been transferred to the D.C. Department of Corrections Central Detention Facility, his request for a transfer to federal custody is now moot. The Court will address the remaining claim, that he receive a prompt revocation hearing.

### I.     Exhaustion of Administrative Remedies

Exhaustion of administrative remedies is generally required prior to seeking habeas relief under 28 U.S.C. § 2241. *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (applying the exhaustion requirement to a § 2241 petition); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases). Accordingly, before Chew filed the Petition, he had to first pursue available administrative remedies for his claim that he should receive a prompt revocation hearing on the D.C. violation.

To exhaust administrative remedies, Chew needed to request that the USPC review the detainer. *See* 28 C.F.R. § 2.213(b) (2020). The USPC then has the option to:

> (1) Withdraw the detainer and order reinstatement of the prisoner to supervision upon release from custody;

3

    (2) Order a dispositional revocation hearing to be conducted at the institution in which the prisoner is confined; or

    (3) Let the detainer stand until the new sentence is completed. Following the execution of the Commission's warrant, and the transfer of the prisoner to an appropriate federal facility, an institutional revocation hearing shall be conducted.

*Id.* Respondent asserts that Chew had not made a request to the USPC for review of the detainer under 28 C.F.R. § 2.213(b). Chew has not disputed this contention or claimed that doing so would be futile. Thus, the Court finds that Chew has not exhausted administrative remedies and will dismiss the Petition on that basis.

## II. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Because Chew fails to meet this standard, the Court will not issue a certificate of appealability. Chew may still seek such a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition for a Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE. The Court declines to issue a certificate of appealability. The Clerk shall close this case.

Date: August 16, 2021

THEODORE D. CHUANG
United States District Judge

4